THE BANK OF MONTREAL ET AL. V. THE J. E. POTTS
SALT & LUMBER COMPANY. IN THE MATTER OF
THE PETITION OF ROBERT MERRICK.

*Lien—Contract—Manufacture of salt—Delivery.*

A contractor agreed with a salt and lumber company to manu-
facture and deliver on the company's docks a quantity of salt
at a certain price per barrel, payable on the 20th day of each
month on the amount manufactured and delivered during the
preceding month. He was to be responsible for the salt until
it was delivered to the boats or vessels from the docks, danger
of fire or other calamity excepted, and was to count the barrels,
and deliver the salt only upon the written order of the company.
During the performance of the contract the company gave a
chattel mortgage on all of its personal property, which was
put in process of foreclosure, and receivers were appointed,
who took possession of several thousand barrels of salt,
manufactured by the contractor and then in the salt block,
on the platform, and on the docks, and had advertised it for
sale, when the contractor filed a petition in the foreclosure
suit, praying that he be decreed to have a lien on the salt for
the balance due him on the contract. And in affirming a
decree in his favor it is held:

  *a*—That the contractor had not parted with his possession of
the salt.

  *b*—That he was entitled to monthly payments on all salt
stored on the docks, irrespective of sales made or delivery to
the boats; and that there is nothing in the contract inconsist-
ent with his right to require payment before the salt was
delivered from the docks.

Appeal from Wayne. (Reilly, J.) Submitted on briefs
March 11, 1892. Decided April 8, 1892.

Petition by an intervenor in a foreclosure suit that he
be decreed to have a lien upon a portion of the mortgaged
property, which he had manufactured for the mortgagor,
and the possession of which he had not surrendered.

Receivers in foreclosure suit appeal. Decree affirmed. The facts are stated in the opinion. .

*Alfred Lucking (John H. Bissell* and *Otto Kirchner,* of counsel), for appellants, contended:

1. The petitioner demands a common-law lien upon the salt manufactured by him. He had no such lien, because he had neither the possession nor the right to the possession of the property, and, in any event, whatever lien he might otherwise have claimed was waived by the terms of the contract.

2. If petitioner still had possession of the salt, there was no occasion for this proceeding. He could, if he had a common-law lien, retain his possession until his lien was satisfied. If he had not real possession of the salt, as the testimony shows and the petition avers, he had, of course, no lien. There is no claim that he was wrongfully deprived of his possession.

3. Under the contract petitioner could have no lien on the salt, because he was to deliver it upon the docks, and to be paid therefor on the 20th day of the next month (*Boom Co. v. Sanborn,* 36 Mich. 358), which shows that the lumber company had a right to the possession of the salt before payment to petitioner. Had he carried out his contract as to the delivery of the salt, he could have claimed no lien. Can his rights be greater because of his failure so to do?

4. One who by contract binds himself to deliver property, upon which he has expended labor, before the stipulated time of payment, has no lien; citing Jones, Liens, §§ 747, 1002–1005; *Lee v. Gould,* 47 Penn. St. 398; *McMaster v. Merrick,* 41 Mich. 505.

*M. J. Connine,* for appellee.

McGRATH, J. In August, 1884, Robert Merrick entered into a contract with the J. E. Potts Salt & Lumber Company to manufacture salt at the company's salt-block. The agreement provided that said Merrick should "furnish all barrels, nails, lime, butter, etc., and pay all needed repairs on said block, excepting the necessary galvanizing of pipes, as hereinafter mentioned; that he will deliver said salt, piled in good workman-like manner on the dock, as contemplated in said contract; and

that he will manufacture the quantity of salt contemplated in said contract for the said term of five years, as mentioned in said contract;" that the lumber company should pay to said Merrick "thirty-five cents per barrel for salt so manufactured and delivered, said payment to be paid monthly, and to be paid on the 20th of each month for the amount so manufactured and delivered during the next preceding month;" and that the said Merrick "will be responsible for the said salt until it shall be delivered to the boats or vessels from the said dock, danger of fire or other calamity excepted; and that he will count the said salt, and deliver it only upon the written order of the said party of the second part." Merrick entered upon the work, and continued to manufacture until the fall of 1890.

In November, 1890, the lumber company gave a chattel mortgage upon all its personal property, including the salt in the salt block, upon the platform, and upon the docks. Within a few days thereafter the mortgagees filed a bill in the circuit court for the county of Wayne to foreclose said mortgage, and receivers were appointed, who proceeded to take possession of said property, and at the time of the filing of the petition herein had advertised the salt for sale. When the receivers were appointed there were several thousand barrels of the salt manufactured by Merrick in the block, on the platform, and on the docks, and the lumber company was indebted to him in the sum of $11,970 on account of the manufacturing of salt under said contract. Merrick, in May, 1891, filed a petition in the said matter, setting forth that he had not surrendered his possession of said salt, and had not delivered the same to any person, and praying that he might be decreed to have a lien upon said salt for the balance due him. It appeared that petitioner had received and discounted drafts upon said account, amounting to

$6,350, which were unpaid, and the court gave him a lien for the amount of his account, less the amount of the drafts, and the receivers appeal.

Appellants contend that petitioner is not entitled to the relief prayed,—

1. Because under his contract he was bound to deliver the salt to the company before payment.

2. Because he had parted with possession.

Docks were erected and used exclusively in connection with this salt-block. Petitioner had charge of the block and these docks. While he was to deliver the salt upon the docks, the contract contemplated that it should remain there for some time afterwards, and by the terms of the contract petitioner was responsible for its custody and control, and it was not to be delivered to any one except upon the written order of the company. Petitioner simply delivered the salt from his own possession in the salt-block to his own custody upon the docks. The fact was that the most of the salt had not been placed upon the docks, but was still in the salt-block and upon the platform.

It cannot be claimed that Merrick had surrendered his possession to the mortgagees or to the receivers. The testimony disclosed interviews between the receivers and Merrick, at which the amount due the latter was agreed upon, and a proposition was made to Merrick that he release the salt,—permit it to be disposed of without prejudice to his rights. Merrick had not failed upon all occasions to assert his possession and lien.

As in *Chadwick v. Broadwell*, 27 Mich. 6, petitioner was entitled to monthly payments on all salt stored on the docks, irrespective of sales made or delivery to the boats; and there is nothing in the contract inconsistent with his right to require payment before the salt was delivered from said docks.

The contract does not bring the case within *McMaster v. Merrick*, 41 Mich. 505.

The decree below is affirmed, with costs to petitioner.

The other Justices concurred.