THE BANK OF MONTREAL ET AL. .V. THE J. E. POTTS
SALT & LUMBER COMPANY. IN THE MATTER
OF THE PETITION OF ROBERT K.
GOWANLOCK, TRUSTEE.

[See 91 Mich. 342.]

*Lien—Assignment—Partnership—Estoppel.*

1. An examination of the opinion is essential to a correct under-
standing of the facts found and points decided.

2. The testimony as to whether one member of the firm assigning
their claim to the appellants herein had any interest in the
fund, a distribution of which is sought, being conflicting, the
Court are not disposed to disturb the finding of the circuit
judge on that point.

Appeal from Bay.    (Cobb, J.)    Submitted on briefs
June 23, 1894.    Decided September 25, 1894.

Bill to foreclose a mortgage.    Claimants Hagerty and
Smith appeal from a decree determining the title to cer-
tain of the proceeds.    Affirmed.    The facts are stated in
the opinion, and in 91 Mich. 342.

*Simonson, Gillett & Courtright,* for appellants.

*T. A. E. & J. C. Weadock,* for Robert Merrick (the
original claimant).

*O. E. M'Cutcheon (Julian G. Dickinson,* of counsel),
for petitioner.

GRANT, J.    After the decision of the case of *Bank of
Montreal v. J. E. Potts Salt & Lumber Co.,* 91 Mich.
342, by which it was established that Mr. Merrick had a
lien upon the property of the salt and lumber company
for $5,620, a controversy arose between the present con-

testants over the distribution of that fund. The Iosco County Savings Bank claimed a lien upon the fund by virtue of an instrument in the nature of a chattel mortgage executed by Mr. Merrick December 4, 1890, by which he conveyed as security to said bank all his interest in certain property piled in the lumber yards of the salt and lumber company, as well as in the salt which he had manufactured for said company, either at law or in equity. That paper contained the following clause:

" It being expressly understood between the parties hereto that the interest of the party of the first part in the property herein conveyed is as a partner with one William H. Clough, of East Tawas, Michigan, and this instrument expressly conveys the interest of said Robert Merrick only."

August 10, 1891, Mr. Merrick executed an assignment to the claimant Robert K. Gowanlock in trust for the Preston National Bank, A. Mosher & Son, the Bay National Bank, of Bay City, and the Iosco County Savings Bank, to secure them for certain drafts which had been drawn to Mr. Merrick by the salt and lumber company, and had been negotiated by him to these parties. This assignment recited the filing of a petition by Mr. Merrick in the circuit court for the county of Wayne to establish his lien, and the decree of that court in his favor for $5,620, the sale of the salt under the order of the court, and the deposit of the proceeds in court subject to his lien. The trustee was to dispose of the funds as follows:

1. To pay the expenses of the lien proceedings.
2. To pay the Iosco County Savings Bank $1,500.
3. To pay the Preston National Bank $800.
4. To pay A. Mosher & Son $800.
5. To pay the Bay National Bank $900.
6. To return the balance, if any, to Mr. Merrick.

March 6, 1891, claimants Hagerty and Smith obtained a judgment against Merrick for $919.89 and costs, and also

a judgment against Merrick and Clough for $1,769.46 and costs. On March 26, 1891, Mr. Courtright, one of the attorneys for Hagerty and Smith, obtained two assignments from Mr. Merrick to Hagerty and Smith of his claim against the Potts Salt & Lumber Company, to secure these judgments. These were signed by Merrick with the understanding that they were also to be signed by Clough. He refused to sign. They were therefore unexecuted, did not bind Merrick, and are of no consequence in determining the rights of the parties. On the same day, Merrick and Clough executed to Hagerty and Smith an order upon the salt and lumber company or its assignees for the sum of $2,737.31, being the amount of the two judgments. This order is as follows:

"EAST TAWAS, March 26, 1891.

"*To the J. E. Potts Salt & Lumber Company, or its Assignees:*

"Please pay M. Hagerty & Co., or order, the sum of $2,737.31 out of any moneys now due us for the making and manufacturing of salt. We hereby assign and transfer to them the said sum of money out of any money you owe us.

"ROBERT MERRICK.
"W. H. CLOUGH."

This paper was taken to Detroit, and left with the receivers, April 1.

Merrick's contract with the salt and lumber company was made in 1884, and was continued in his name until the failure and assignment of the company. The proceedings to enforce the lien were carried on in the name of Merrick with the knowledge and consent of Clough. In June, 1889, Merrick sold and conveyed to Clough a half interest in his contract with the company and other business.

September 29, 1892, the several claimants, by their attorneys, filed a stipulation agreeing that the fund de-

posited in the Wayne county circuit court. should be transferred to the Bay circuit court, in chancery, and that after such deposit either of the parties might proceed by petition to ascertain their rights in and to said money. The trustee, Mr. Gowanlock, accordingly filed a petition. Proofs were taken in open court, and the court decreed against the claim of Hagerty and Smith, and directed a distribution of the fund in accordance with the assignment to the trustee, Mr. Gowanlock. Hagerty and Smith appeal.

The decree in this case depends upon the title to the fund. This is a question of fact, was in dispute, and was determined by the court below in favor of the appellee. Clough was at one time a partner with Merrick. In the year 1890, Merrick appears to have assigned his interest to one Schmeck. Schmeck and Clough became partners under the firm name of Schmeck & Clough. The original contract for the manufacture of the salt was with Merrick, and the business appears to have been carried on in his name notwithstanding the interest of the other parties. It was evidently understood between Clough and Merrick that the proceedings to enforce the lien were to be carried on in the name of Merrick, and Merrick evidently supposed that Clough had some interest; but that question was not involved in the lien case, nor was any testimony there given in reference to it. The question is now raised for the first time. It is claimed that the statements made by Merrick in his petition for a lien are inconsistent with his testimony in this case. It must, however, be remembered that the rights of Merrick and Clough were not involved in that suit, and possibly little attention was paid to dates. It does not follow, therefore, that his testimony must be rejected as valueless. The proofs were taken in open court, and the circuit judge had the better opportunity to determine how much weight should be given to

Mr. Merrick. There was testimony clearly tending to show that Clough had no interest in the fund for which a lien was decreed in the former suit. There was also testimony to the contrary. We are not disposed to reverse the finding of the circuit judge upon this point.

It is argued, however, that Merrick and his assignees are estopped to deny the interest of Clough on account of the admissions made by Merrick of Clough's interest. We do not see how Hagerty and Smith have been misled to their prejudice by the conduct or statements of Merrick. They have lost no rights against Clough, or against Merrick and Clough. The assignment under which they claim the greater part of this fund was made by Merrick and Clough. It conveyed title to no more than Merrick and Clough owned. If they owned nothing, then Hagerty and Smith obtained nothing. One of their attorneys testified that he understood that there was a part of the fund in which Clough had no interest. They knew that under the decree the title was in Merrick, and that no others, either as partners with Merrick or otherwise, could assign any more than their own interest. They must also be held to have known that the assignment or order given by Merrick and Clough covered only the interest of the firm. It did not cover Merrick's interest which he held individually.

The decree is affirmed, with costs.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.