VAN LESSLER v. ANN ARBOR RAILROAD CO.

MASTER AND SERVANT—LIEN FOR WAGES—POSSESSION OF PROPERTY—CONVERSION—ACTION BY SERVANT.

A person employed by the owner of certain charcoal kilns to fire the same, and to perform certain other work in connection therewith, at an agreed compensation, together with the use of a small house on the premises, with fuel and light, is in possession as an employé only, and not as a bailee for hire, and hence has no lien on the charcoal for his wages, entitling him to maintain trover against a railroad company shipping it away in disregard of his claim.

Error to Gratiot; Stone, J. Submitted June 3, 1903. (Docket No. 10.) Decided June 30, 1903.

Trover by John Van Lessler against the Ann Arbor Railroad Company. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

Plaintiff was an employé of one Auten, who owned five charcoal kilns at Ashley, alongside the defendant's railroad tracks. His employment was to fire the kilns, to fight the fire that should at any time threaten to destroy the property, to look after the yard and property there, to

see that nothing was taken from said yard except on orders from Auten, and to keep an account of the number of cars of coal shipped. As a compensation he was to receive $3 per kiln for firing, and $5 per month for the rest of the work, and the use of a small house on said premises, with fuel and light. Auten did not pay him, and plaintiff now seeks to recover the value of his services from the defendant railroad company in an action of trover. The court directed a verdict for the defendant.

*John T. Mathews*, for appellant.

*T. W. Whitney*, for appellee.

GRANT, J. *(after stating the facts)*. Defendant was duly notified of plaintiff's claim, and forbidden to remove the coal, and shipped it after such notification. Plaintiff seeks to maintain this action upon the theory that he had possession of the coal, and that such possession gave him a lien upon the property, both at common law and by statute. His right of action depends entirely upon the question of possession.

That a bailee for hire has a lien upon the goods in his possession, and may retain such possession until he has received his compensation, is not disputed. Plaintiff was no more in possession than was any other employé of Mr. Auten. He had certain specific duties to perform in connection with the business. An employé charged with shipping machinery from the works of a manufactory, with counting the pieces of machinery as they were shipped, looking after the yard of the manufactory, preventing fires, and who slept in a part of the building, or was premitted to occupy a small building upon the grounds, might as well claim that he was in possession of the property, and could prevent shipments on the ground that he was an artisan and had a lien upon the property.

Counsel for plaintiff relies upon *Bank of Montreal* v. *Salt & Lumber Co.*, 91 Mich. 342 (51 N. W. 890). That case does not apply to this. In that case the contractor

had complete and absolute possession of the salt until the delivery to the boats or vessels from the docks, and was responsible for it until that time. The contractor in that case was not simply an employé, as was the plaintiff in this.

Judgment affirmed.

The other Justices concurred.